UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| JOHN DOE, by his next friend JANE DOE | : : : | CIVIL ACTION NO. _____ |
| VERSUS | : : | JUDGE _____ |
| DERRICK HARRIS, BILLY GLASS, LOGAN KERR, CLINT RICHARDSON JASON VAUGHN, RANDY CHANDLER, and CITY OF SHREVEPORT | : : : : : | MAGISTRATE JUDGE _____ |
| | : | JURY TRIAL DEMANDED |

## COMPLAINT

This is a civil action for legal and equitable relief bought under 42 USC § 1983, 42 U.S.C. §1985 and Louisiana law.

### I. PARTIES

1. Plaintiff JOHN DOE ("DOE") is a person of the age of majority domiciled in the State of Louisiana. DOE lacks the capacity to sue or be sued under Louisiana Law.

2. JANE DOE is a person of the age of majority and a relative of DOE who resides with him. JANE DOE appears on behalf of DOE as a "next friend" under Rule 17(c)(2).

3. Defendants are:

    **A.**  BILLY GLASS ("Glass"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. Glass is sued in his personal capacity.

    **B.**  DERRICK HARRIS ("Harris"), a person of the age of majority who acted under color of law as a fire captain employed by the City of Shreveport. Harris is sued in his personal capacity.

1

   C. LOGAN KERR ("Kerr"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. Kerr is sued in his personal capacity.

   D. CLINT RICHARDSON ("Richardson") a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. Richardson is sued in his personal capacity.

   E. JASON VAUGHN ("Vaughn"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. Vaughn is sued in his personal capacity.

   F. RANDY CHANDLER ("Chandler"), a person of the age of majority who acted under color of law as a classified fire service employee of the City of Shreveport. Chandler is sued in his personal capacity.

   G. The CITY OF SHREVEPORT, a chartered municipality organized under the laws of the State of Louisiana. The City of Shreveport was the employer of Defendants Harris, Glass, Kerr, Richardson, Vaughn and Chandler.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction as the plaintiff's claims arise under the laws of the United States and the United States Constitution. This Court has supplemental jurisdiction to hear and decide those claims arising from the same facts and circumstances and asserted under Louisiana law. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because the acts giving rise to the claims asserted in this lawsuit occurred in this judicial district.

## III. FACTUAL BACKGROUND

5. The City of Shreveport ("the City") is a chartered municipality organized under the laws of the State of Louisiana.

6. The City operates a full-time paid fire department with numerous fire stations located throughout the city limits.

7. These fire stations are staffed with fire service employees who are trained in emergency fire and medical response.

8. The fire stations also serve as "safe houses" for citizens who need assistance.

9. The City offers programs and activities at the fire stations that are open to the public.

10. The fire stations are open to visitors and guests.

11. John DOE is a mentally impaired adult. DOE frequently visited Shreveport Fire Station Number 8 ("Station 8") and participated in activities conducted there.

12. Many of the firefighters at Station 8 befriended DOE. He helped the firemen clean the station. He rode with them as a guest passenger on fire and emergency calls. He cleaned their personal vehicles for them and socialized with them.

13. Though DOE was befriended by most of the firemen who worked at Station 8, he was ridiculed, abused, and used for sport by some.

14. Harris, Glass, Vaughn, Richardson, Kerr and Chandler (collectively, "Defendants") physically abused, exploited and ridiculed DOE because of DOE's disability. These Defendants acted individually and in concert and knew, or reasonably should have known, that their conduct would cause DOE to suffer humiliation, emotional distress and physical injury.

15. Defendants engaged in numerous incidents of abuse which caused DOE mental and physical injury.

16. The wrongful acts of Defendants included, but were not limited to, the following:

   a. Hiring a prostitute to have sex with DOE, luring DOE into the firehouse for that purpose, and watching and video recording, or attempting to video record, the act;

   b. Serving DOE alcoholic beverages at the fire station and, for their own sport and amusement, inducing him to drink to excess and goading the intoxicated DOE into engaging in song, dance, and reckless behavior for their own amusement;

   c. Inciting DOE to fight and watching him fight for their own amusement;

   d. Endangering DOE by stranding him on the roof of the fire station without means of escape;

   e. Endangering DOE by exposing him to the elements;

   f. Secretly placing urine, and other noxious substances in DOE's food and beverages inducing him to eat and drink without knowledge of the contents;

   g. Invading DOE's privacy by creating a Facebook page under his name and publishing humiliating photos of DOE and making belittling comments about him;

   h. Falsely imprisoning DOE at the station and at other locations;

   i. Striking DOE, with and without objects, hitting, beating and kicking him;.

   j. Threatening, insulting and humiliating DOE;

   k. Brandishing a firearm and threatening to harm DOE if he disclosed the abuse.

   l. Making other threats to harm DOE if he disclosed the abuse.

17. The acts of Defendants, committed individually and in concert, caused DOE physical injury and emotional distress.

18. Most of the unlawful conduct committed by the Defendants occurred at Station 8 or when DOE accompanied a Defendant on a medical or fire response run in a City of Shreveport fire truck or medic response vehicle. Some acts of abuse committed by Defendants Glass and Richardson occurred in a rural location on property believed to have been owned or leased to Glass or Richardson.

## IV. CAUSES OF ACTION

### 42 U.S.C.S. § 1983

19. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraphs 1 through 18 above.

20. Defendants acted under color of law in their capacities as fire service employees of the City of Shreveport. They abused their authority as public servants by discriminating against DOE on the basis of his disability.

21. Defendants were cruel to DOE because of his disability. Their cruelty interfered with and impeded DOE's right to participate in the activities and programs at the Station on the same terms and conditions as those who were not mentally disabled.

22. Defendants violated DOE's right to equal protection, as guaranteed to DOE by the Fourteenth Amendment to the United States Constitution by treating him differently from non-disabled guests and visitors at the station.

23. Federal law forbidding harassment as a mechanism for the denial of equal protection was well established at the time these Defendants harassed and cruelly abused DOE.

24. Defendants acted with knowing and/or reckless disregard of DOE's established Fourteenth Amendment right to equal protection.

25. Pursuant to the provisions of Section 1983, DOE seeks and is entitled to recover compensatory and punitive damages from Defendants Harris, Glass, Vaughn, Richardson, Kerr and Chandler. Doe further seeks costs and attorney's fees pursuant to the provisions of 42 U.S.C. §1988.

## 42 U.S.C. §1985  Conspiracy to Violate Civil Rights

26. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraphs 1 through 25 above.

27. Defendants conspired for the purpose of depriving, either directly or indirectly, DOE's right to equal protection of the laws.

28. At all relevant times the law was clearly established that state actors cannot conspire to violate another's civil rights.

29. Defendants acted with knowing and/or reckless disregard of DOE's right to equal protection.

30. Defendants are liable to DOE for compensatory and punitive damages, costs and attorney's fees for conspiring to deprive DOE of his right to equal protection.

## V.  LOUISIANA TORT LAW

31. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 30 above.

32. DOE asserts claims under La. Civil Code articles 2315 and 2324.

## VI. CIVIL CODE ARTICLE 2324 - CONSPIRACY

33. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 32 above.

34. Harris, Richardson, Kerr, Vaughn, Glass and Chandler conspired to cause DOE harm.

35. These Defendants conspired to have a prostitute have sex with DOE, and further conspired to view and record the act.

36. These Defendants conspired to strand DOE on the roof.

37. These Defendants conspired to continuously humiliate, degrade, beat, and harass DOE.

38. These Defendants conspired to invade DOE's privacy and to commit other torts against him.

## VII. TORTS

39. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 38 above.

40. The torts committed by Harris, Richardson, Vaughn, Kerr, Glass and Chandler, individually and in furtherance of the conspiracy, include, but are not limited to Battery, Assault, False Imprisonment, Defamation, Invasion of Privacy, and Intentional Infliction of Emotional Distress.

## VIII. ASSAULT AND BATTERY

41. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 40 above.

42. Defendants purposefully touched DOE in a ways that were harmful or offensive to DOE.

43. Defendants physically struck, pushed, shoved, and hit DOE and administered noxious fluids and substances. They also intentionally created the reasonable apprehension of physical beatings and other unwanted physical contact.

## IX. FALSE IMPRISONMENT

44. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 43 above.

45. Defendants VAUGHN and GLASS falsely imprisoned DOE by holding him against his will for an extended period of time at a location distant from DOE's home.

46. Defendant CHANDLER locked DOE in a closet at the Firehouse.

## X. INVASION OF PRIVACY

47. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 46 above.

48. Defendant Harris, with assistance from one or more of the other individual Defendants, created a Facebook page on DOE and used the social media forum to impersonate DOE. Harris also made offensive and humiliating comments about DOE through social media and electronic communications.

49. Defendants unreasonably and publicly disclosed embarrassing, private facts of DOE's life.

50. Defendant Vaughn and one or more of the other Defendants photographed and /or recorded DOE's interaction with the prostitute.

51. The photographs and recordings were shown to others.

## XI.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff incorporates herein in by reference, as if set out in full, the allegations of paragraph 1 through 51 above.

53. Defendants intended, or were substantially certain that their actions would cause DOE embarrassment and extreme emotional distress.

54. Defendants' actions were beyond the toleration of a reasonable member of society.

55. Defendants' conduct caused DOE emotional problems, including humiliation and embarrassment, mental anguish, depression, anxiety and sleeplessness.  Defendants engaged in continual, coordinated, and capricious mistreatment of DOE.

56. Although the nature of their tortious activity varied, each tortious act built upon previous acts and compounded the physical, mental and emotional damage to DOE.

57. Defendants' tortious activity has been continuing, cumulative and synergistic.

### CLAIMS AGAINST THE CITY OF SHREVEPORT

58. Plaintiff incorporates herein as if set forth in full the allegations of paragraphs 1-57, above.

59. The City of Shreveport employed Defendants Harris, Kerr, Vaughn, Glass, Richardson and Chandler and is liable via *respondeat superior* for their abuse of DOE and should be held liable for damages and injuries suffered by DOE arising from the torts of its employees.

60. Defendants Harris, Kerr, Vaughn, Glass, Chandler and Richardson acted within the course and scope of their employment when they committed torts against DOE.

61. The Shreveport Fire Department offers educational and social programs and activities to the public and uses the fire service employees who staff the various fire stations to facilitate those services and programs.

62. The job duties associated with such programs for which Defendants were engaged by the City to perform included, but were not limited to:

    a. providing access to the fire station to DOE and other persons with mental disabilities;

    b. providing "safe house" accommodations to persons such as DOE;

    c. mentoring those interested in the fire service;

    d. hosting visitors at the station and allowing them to participate in meals and social events conducted there;

    e. allowing guests to ride along with fire service employees;

    f. adopting a "station mascot" and "honorary fireman."

63. Defendants Harris, Kerr, Vaughn, Glass, Richardson and Chandler were engaged in the performance of the above-described duties when they negligently, or intentionally, injured DOE through acts of harassment, assault, battery, false imprisonment and invasion of privacy.

64. Defendant Harris, a captain, was the highest ranking employee at Station 8 and had supervisory authority over the other Defendants, who were subordinate in rank to him.

65. Defendant Harris knew of the conduct of Defendants Kerr, Vaughn, Glass, Richardson and Chandler. He encouraged their abuse of Doe and participated in it.

66. The Defendant City of Shreveport is liable via respondeat superior for the torts of Defendants Harris, Kerr, Vaughn, Glass, Richardson and Chandler because the torts were committed in the course and scope of their employment and were within the nature and character

of conduct they were reengaged to perform.

67. The Defendant City of Shreveport is liable via respondeat superior for the torts of Defendants Harris, Kerr, Vaughn, Glass, Richardson and Chandler because its supervisory employee, Harris, was aware of the abuse of DOE, participated in the abuse, and allowed it to continue.

## XII. PRAYER

68. DOE, through his next friend, JANE DOE, prays, seeks, and is entitled to, damages both punitive and compensatory, pre-judgment interest on all monetary awards, and reimbursement of his costs and attorney's fees.

69. Plaintiff requests a jury trial.

Respectfully submitted:

**DOWNER, HUGUET & WILHITE**

By: *s/ Pamela R. Jones*
**Pamela R. Jones, Bar Roll No. 19640**

American Tower
401 Market Street, Suite 1250
Shreveport, Louisiana 71101

318-213-4444 Telephone
318-213-4445 Facsimile

**ATTORNEYS FOR JOHN DOE by his Next Friend JANE DOE**