# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | | |
|---|---|---|
| JOHN DOE, by his next friend JANE DOE | : | CIVIL ACTION NO.  14-0802 |
| VS. | : | JUDGE S. MAURICE HICKS |
| DERRICK HARRIS, ET AL. | : | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are two motions:  1) a motion for protective order/leave to proceed under pseudonym or anonymously [doc. # 19] filed by plaintiff Jane Doe; and 2) a motion for more definite statement [doc. # 26] filed by defendant, Billy Glass.  For reasons detailed below, both motions are DENIED.[1]

## Background

On April 14, 2014, Jane Doe, acting as "next friend" on behalf of her relative, John Doe ("Doe"),  filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Shreveport and six of its firefighters:  Billy Glass, Derrick Harris, Logan Kerr, Clint Richardson, Jason Vaughn, and Randy Chandler.  According to the complaint, John Doe is a mentally impaired adult who frequently visited Shreveport Fire Station Number 8, and participated in activities there.  (Compl., ¶¶ 11-12).  While some of the firefighters befriended Doe, the six firefighters named herein purportedly abused, exploited, and ridiculed Doe because of his

---

[1]  As this matter is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

disability.  *Id*., ¶ 14.  Plaintiff enumerated twelve instances/categories of wrongful acts

perpetrated by the six individual defendants.  *Id*., ¶ 16.  She contends that defendants violated

John Doe's right to equal protection under the 14th Amendment by treating him differently than

non-disabled guests and visitors to the fire station.  *Id*., ¶¶ 19-25.  Consequently, plaintiff seeks

compensatory damages, punitive damages, and attorney's fees.  *Id*.  Plaintiff also seeks damages

pursuant to several state law tort theories of recovery.  *Id*., ¶¶ 31-57.

On June 2, 2014, plaintiff filed the instant motion for protective order seeking permission

to proceed under pseudonym/anonymously.  In connection with her motion, plaintiff also

obtained leave of court to file under seal an amended complaint that set forth John Doe and Jane

Doe's real names.  [doc. #s 21-23].  The deadline to oppose the motion for protective order has

lapsed, with no response from any other party.  (Notice of Motion Setting [doc. # 24]).

Accordingly, the motion is deemed unopposed.  *Id*.

On June 19, 2014, defendant, Billy Glass, filed the instant motion for definite statement.

Plaintiff filed her opposition one day later on June 20, 2014.  Glass filed his reply on July 1,

2014.  Thus the matter is ripe.  The court will address each motion, in turn.

<u>Analysis</u>

I.      **Motion for Protective Order/Permission to Proceed Anonymously**

The title of a complaint must name all of the parties.  Fed.R.Civ.P. 10(a).  This rule

protects the public's legitimate interest in knowing all of the facts involved in a case, including

the identities of the parties.  *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992).  Courts, of course,

are public institutions that serve a public purpose.  *Victoria W. v. Larpenter*, Civ. Action No. 00-

1960, 2001 WL 406334 at *1 (E.D. La. April 17, 2001).  Unsurprisingly then, there is a strong

presumption that the proceedings and records should be subject to public scrutiny.  *See Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980).[2]  Several circuits, including the Fifth, have recognized that the public has a broad right of access to court proceedings, both civil and criminal, stemming from the First Amendment.  *See e.g., Stegall, supra*; *accord Doe v. Madison Sch. Dist. No. 321*, 147 F.3d 832, 833 n.1 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999); *Westmoreland v. CBS, Inc.*, 752 F.2d 16, 23 (2nd Cir. 1984); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3rd Cir. 1984).

Therefore, courts permit parties to proceed anonymously only in rare instances. *Larpenter*, 2001 WL 406334 at *2.  To decide whether to excuse compliance with Rule 10(a), a court must "balanc[e] . . . considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Stegall*, 653 F.2d at 186.  Although the Fifth Circuit has eschewed any "hard and fast formula for ascertaining whether a party may sue anonymously," it has recognized that the following factors are entitled to considerable weight:  (1) whether plaintiff is challenging governmental activity; (2) whether prosecution of the suit requires plaintiff to disclose information of the utmost intimacy; and (3) whether plaintiff is compelled to admit her intention to engage in illegal conduct, thereby risking criminal prosecution.  *Stegall, supra*.  Furthermore, because of the special status and vulnerability of children, the age of the plaintiff may become a significant factor in the matrix of considerations.  *Id*.  In the end, the primary concern underlying the

---

[2] Although *Richmond Newspapers, Inc.* involved a criminal trial, the Fifth Circuit relied on *Richmond Newspapers, Inc.* to conclude that the public enjoys a First Amendment right of access to a civil trial.  *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (Unit A).

relevant factors is whether the plaintiff likely would suffer real and serious harm if she were not permitted to use a pseudonym.  *Larpenter*, 2001 WL 406334, at *2.

Here, plaintiff is neither challenging a governmental activity, nor seeking to engage in illegal conduct.  Thus, these considerations weigh against anonymity because many of the cases allowing plaintiffs to proceed anonymously involve challenges to the constitutional, statutory, or regulatory validity of government activity.  *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F. 2d 707, 713 (5th Cir. 1979) (citing cases).

Instead, plaintiff maintains that she and Doe should be allowed to proceed anonymously because Doe is mentally impaired, which has rendered him perpetually childlike and vulnerable. Moreover, the alleged acts of abuse, including an instance of sexual intercourse, are highly sensitive, and have caused Doe extreme embarrassment.

The court emphasizes, however, that although John Doe may have the mental capacity of a child, he is not a minor.  *See CTH 1 Caregiver v. Owens*, Civil Action No. 11-2215, 2012 WL 2572044 (D.S.C. July 2, 2012) (nonparty disabled person is not a minor).  Furthermore, mental impairment cases that permit the plaintiff to proceed anonymously typically center around issues tied to plaintiff's mental competency.  *See e.g., Doe v. Fellows*, 927 F.2d 608 (9th Cir. 1991) (and cases cited therein).  The court also does not discern any social stigmatization stemming from the disclosure of John Doe's identity in this matter.  If anything, because of John Doe's mental impairment, the allegations of this case, if substantiated, should garner public sympathy.[3]

---

[3]  In fact, another similarly situated mentally impaired plaintiff filed an almost identical suit against these same defendants, using his real name.  *See Morgan v. Harris*, Civil Action No. 14-1167 (W.D. La.).  While obviously not dispositive, it belies the notion that anonymity is required to protect plaintiff from social stigmatization.  *But see Jacobs v. NAFI, Connecticut, Inc.*, 2007 WL 4571159 (Conn. Super. Ct. Nov. 2, 2007) (permission to use pseudonym granted

4

In addition, generally, the "information of the utmost intimacy" standard applies to cases involving issues such as abortion, *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), and prayer and personal religious beliefs, *Stegall*, 653 F.2d at 186.  Indeed, many courts faced with a request by a victim of sexual assault or harassment seeking to pursue a civil action for monetary damages under a pseudonym have concluded that the plaintiff was not entitled to proceed anonymously.  *See Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 267 (E.D. Tex. 2007) (student who sued school district claiming she was forced to engage in oral sex with male athletes was required to proceed under her real name); *Doe v. Shakur*, 164 F.R.D. 359, 361-362 (S.D. N.Y. 1996) (victim of sexual assault was not allowed to prosecute civil suit for compensative and punitive damages using a pseudonym); *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 422 (D. Mass.1995) (in sexual harassment case against employer and supervisor, plaintiff was not permitted to proceed under a pseudonym, notwithstanding fears of "intense embarrassment and shame within her community"); *Doe v. Univ. of R.I.*, 1993 WL 667341, at *3 (D. R.I. Dec. 28, 1993) (student who was sexually assaulted allegedly as a result of university's negligence was not permitted to proceed under a pseudonym, despite claims of danger, embarrassment, and ridicule).[4]

The fact that a party may suffer some humiliation or personal embarrassment, standing alone, is insufficient to justify the use of a pseudonym.  *See Frank*, 951 F.2d at 324.  While the

---

to mentally challenged plaintiff who was sexually assaulted because of possibility of negative social stigmatization).

[4] *But see Doe v. Penzato*, Civ. Action No. 10-5154, 2011 WL 1833007 (N.D. Cal. May 13, 2011) (plaintiff allowed to proceed under a pseudonym in her sexual assault case); *Doe v. Maywood Hous. Auth.*, 71 F.3d 1294 (7th Cir. 1995) (allowing plaintiffs to proceed anonymously where defendant allegedly attempted to receive sexual favors in exchange for housing).

court is sympathetic to plaintiff's concerns of humiliation and embarrassment based on the allegations of abuse herein, it finds that these concerns do not suffice to outweigh the public's right to access court proceedings.

Indeed, John Doe is not the only party exposed to embarrassment.  "[T]he mere filing of a civil lawsuit can have significant effects on a [private-party] defendant."  *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 141 (S.D. Ind. 1996).  Public claims in a civil lawsuit can "cast a shadow over the defendant's reputation," leading to adverse publicity and the forced disclosure of certain information that defendants might prefer to keep private.  *See Id.*  Fairness often dictates that a defendant's accuser must make his claims under his real name.  *See Wynne & Jaffe*, 599 F.2d at 713.  Thus, if plaintiff here were permitted to proceed anonymously, defendants would be placed at a serious disadvantage, for they would be required to defend themselves in the public arena while plaintiff could hurl accusations at them from behind "a cloak of anonymity."  *See Shakur supra*.

Further, plaintiff does not articulate a fear of retaliation for initiating the instant dispute. While the threat of a hostile public reaction to a lawsuit, standing alone, will rarely justify anonymity, a court may weigh possible threats of violence when deciding whether to permit a party to proceed anonymously.  *See Stegall*, 653 F.2d at 186.  But here, as the court stated in *Rose*: "[t]he reality, though, is that any retaliation is more likely to come from the defendant, who already know[s] [plaintiff's] identities, than from the community at large, and, therefore, fear of reprisals does not provide a basis for anonymity in this instance."  *Rose*, 240 F.R.D. at 269.

In sum, plaintiff has not demonstrated that John Doe will suffer real and serious harm if his identity is disclosed.  The Fifth Circuit has recognized that,

> [l]awsuits are public events. A plaintiff should be permitted to proceed
> anonymously only in those exceptional cases involving matters of a highly
> sensitive and personal nature, real danger or physical harm, or where the injury
> litigated against would be incurred as a result of the disclosure of the plaintiff's
> identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Frank*, 951 F.2d at 324.

The harm feared by John Doe is precisely the same harm that most plaintiffs alleging acts of

sexual abuse face, and yet there is no tradition of permitting those similarly-situated plaintiffs to

litigate anonymously.  The instant case does not present such an unusual situation in which the

need for party anonymity outweighs the presumption of openness.  Accordingly,

IT IS ORDERED that plaintiff's motion for leave to proceed under pseudonym or

anonymously [doc. # 19] is hereby DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall un-seal the First Amended

Complaint [doc. # 23], and that the caption of this case be amended as set forth in the First

Amended Complaint.  **However**,

IT IS FURTHER ORDERED that the effect of this order is **STAYED** for a period of

fourteen (14) days.  If an appeal is taken to the District Judge, the order shall remain stayed until

the appeal is decided.  If, after fourteen (14) days, no appeal has been filed, then the Clerk shall

un-seal [doc. # 23] and amend the caption accordingly.

## II.   <u>Motion for More Definite Statement</u>

Federal Rule of Civil Procedure 12(e) provides in relevant part that

> [a] party may move for a more definite statement of a pleading to which a
> responsive pleading is allowed but which is so vague or ambiguous that the party
> cannot reasonably prepare a response.  The motion must be made before filing a
> responsive pleading and must point out the defects complained of and the details
> desired. . . .

Fed.R.Civ.P. 12(e).

Rule 12(e) is not intended to be used as a vehicle for discovery or to frustrate Rule 8(a)(2)'s

minimal pleading requirements by compelling plaintiff to amend her complaint when it otherwise

suffices to withstand a motion to dismiss.  *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132

(5th Cir. 1959).  A pleading states a claim for relief when, *inter alia*, it contains a "short and

plain statement . . . showing that the pleader is entitled to relief . . ."  Fed.R.Civ.P. 8(a)(2).

Furthermore,

> a complaint will be deemed inadequate only if it fails to (1) provide notice of
> circumstances which give rise to the claim, or (2) set forth sufficient information
> to outline the elements of the claim or permit inferences to be drawn that these
> elements exist.  If a complaint is ambiguous or does not contain sufficient
> information to allow a responsive pleading to be framed, the proper remedy is a
> motion for a more definite statement under Rule 12(e).

*Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citations omitted).

A complaint that does not plead any facts in support of the alleged  injury, fails to provide

adequate notice.  *Id*.  Nonetheless, no technical forms of pleading are required; rather, all

pleadings must be construed so as to do justice.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506,

513-14, 122 S. Ct. 992, 998 (2002) (citing rules since re-designated as Fed.R.Civ.P. 8(d)(1) and

(e)).  The notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not

require an inordinate amount of detail or precision."  *Gilbert v. Outback Steakhouse of Florida*

*Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation

marks omitted).  Indeed, the complaint need not even "correctly specify the legal theory" giving

rise to the claim for relief.  *Id*.

Glass contends that the court should order plaintiff to amend her complaint because Glass

is unable to reasonably address:

(1)     (a) whether John Doe can state claims upon which relief can be granted against Billy Glass; and/or (b) whether some or all of John Doe's claims against Billy Glass have prescribed;

(2)     to [sic] frame general or specific denials, partial denials, and/or denials based on lack of sufficient information;

(3)     whether this Court has jurisdiction over certain of plaintiff's claims; and/or

(4)     whether this Court is the proper venue for certain of the plaintiff's claims.

(M/More Def. Statement, Memo, pg. 1).

At the outset, the court does not discern any cognizable basis for Glass's third and fourth grounds for relief.  It is manifest that plaintiff invoked the court's subject matter jurisdiction, via federal question, 28 U.S.C. § 1331, and that he is asserting an equal protection claim under 42 U.S.C. § 1983.  (Compl., Preamble, ¶¶ 4, 19-25).  Under these circumstances, the court may exercise supplemental jurisdiction over the related state law claims. *Id.*, ¶ 4, 28 U.S.C. § 1367.

In addition, as most, if not all of the alleged acts of abuse occurred in Louisiana, *see* Compl., ¶ 18, Glass should not have any reason to contest the court's exercise of personal jurisdiction.  Likewise, as most of the alleged acts of abuse occurred at Shreveport Fire Station No. 8, which presumably is located within the city limits of Shreveport, venue is proper in this court and division.  *See* 28 U.S.C. § 1391(b)(2).

As to grounds one and two urged in support of his motion, Glass transparently acknowledges that he seeks answer to the questions,"who, when, where, what, and how" so he can frame his answer and affirmative defenses, including a motion to dismiss the complaint as untimely.  However, pleading the "who, what, when, where, and how" is a heightened requirement for allegations of fraud or mistake imposed by Rule 9(b).  *See e.g.*, *U.S. ex rel.*

9

*Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014).  In contrast, Rule 8(a)(2) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief and providing the defendant fair notice of the claim and the basis for same.  *See Payton v. United States*, 550 F. App'x 194 (5th Cir. 2013) (unpubl.) (citations omitted).

      In any event, and Glass's protestations notwithstanding, plaintiff makes its clear that by her use of the term, "Defendants" in her complaint, she is referring to *all six* individual defendants collectively.  (Compl., ¶ 14).  Thus, in paragraphs 15-30, she effectively alleges that Glass and the other five individual defendants (the "who") *all* participated in the alleged acts of wrongdoing (the "what").  Plaintiff further alleged that most of the alleged acts occurred at Station No. 8 or while the firefighters were on a medical or fire response run (the "where").  *Id.*, ¶ 18.  In addition, some of the acts of abuse committed by Glass and Richardson occurred on rural property owned by or leased to Glass or Richardson.  *Id*.  If, as alleged, Glass participated in the acts, he should know where each occurred.  If not, he may obtain the greater specificity that he seeks via discovery.

      The court shares Glass's concern that the complaint does not contain any dates to establish a time frame for the events at issue.  In this context, while courts have shown a willingness to allow amendment if the date is definite, they are less willing to allow amendment "when dates are somewhat uncertain or when the *events take place over a period of time*." *Coleman v. H.C. Price Co.*, Civ. Action No. 11-2937, 2012 WL 1118775 (E.D. La. Apr. 3, 2012) (emphasis added) (citing *inter alia* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed.2004)).  While clearly it would have been preferable for plaintiff to have alleged specific dates, the court notes that these events transpired over time, and the alleged

10

victim is mentally impaired.  Moreover, plaintiff's allegations of events are specific enough that

defendant should be able to craft a responsive pleading.

In addition, despite defendant's natural interest in compelling plaintiff to allege additional

facts sufficient to plead herself out of court, the case law is not so supportive  *See* 5C Charles

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d Ed. 2012) (citing

cases).  Furthermore,

> assuming that it might be reasonable to insist that the plaintiff plead a little more
> than the rules require when there is strong reason to believe that a major issue in
> the case can readily be determined thereby, **it is entirely inappropriate to**
> **require the plaintiff to state her claim for relief with great particularity**
> **simply on the off chance that the defendant might be able to unearth a**
> **dispositive threshold defense**. Similarly, the plaintiff should not be required to
> replead with particularity simply to avoid problems that might never arise in the
> litigation or to further the defendant's presentation of his defenses against the
> merits of the claim. . . .
>
> Consequently, there should be a bias against the use of the Rule 12(e) motion as a
> precursor to a Rule 12(b)(6) motion or as a method for seeking out a threshold
> defense. This practice is not authorized by the language of the rule and experience
> has shown that a willingness to grant Rule 12(e) motions often leads to delay,
> harassment, and proliferation of the pleading stage without any commensurate
> gain in issue definition or savings in time. A request for a more definite statement
> for either of these purposes should not be granted unless the movant shows that
> there actually is a substantial threshold question that may be dispositive, **such as a**
> **critical date**. In the absence of some restraint, the motion undoubtedly will be
> used by litigants as a vehicle for fishing expeditions at the pleading stage.

*Id.* (citations omitted) (emphasis added).

The court is not persuaded that requiring plaintiff to amend to allege specific dates will advance

the early disposition of this case.  To the extent that one or more of the alleged acts of abuse

 occurred more than one year before suit was filed, any motion to dismiss on that basis likely

would be met with arguments that the acts constituted a continuing tort or that they otherwise

were subject to the *contra non valentem* exception stemming from the victim's mental

impairment and/or the allegation that all defendants brandished a firearm and threatened to harm him if he disclosed the abuse.  *See* Compl., ¶ 16(k) and *Corsey v. State, Through Dep't of Corr*., 375 So. 2d 1319, 1321 (La. 1979).

In sum, the undersigned  finds that defendant has adequate notice of the circumstances giving rise to plaintiff's claims, with sufficient information outlining the elements of each, such as to permit him to file a responsive pleading.  *See Beanal, supra.*[5]  The more specific details that movant seeks remain a matter for conventional discovery devices.  Following discovery, defendant may file a motion for summary judgment, if the evidence so supports.  In the interim, Rule 11 should suffice to ensure that defendant is not required to defend a baseless, frivolous claim.  *See* Fed.R.Civ.P. 11.  Accordingly,

IT IS ORDERED that Glass's motion for more definite statement, Fed.R.Civ.P. 12(e), [doc. # 26] is hereby DENIED.

In Chambers, at Monroe, Louisiana, this 25th day of August 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[5]  In fact, *all three* of the individual defendants who have appeared in this matter have managed to file answers.

12